Filed 11/18/20  P. v. Laws CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BRIAN KEITH LAWS,<br><br>        Defendant and Appellant. | B305780<br>(Los Angeles County<br> Super. Ct. No. KA008785) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stacy Wiese, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Brian Keith Laws appeals from the denial of the most recent of several motions to vacate or stay a restitution order imposed when he was sentenced in 1993. Here, as before, he has filed an appeal from a nonappealable order denying such relief, and we dismiss the appeal.

## FACTUAL AND PROCEDURAL SUMMARY

In 1993, Laws was convicted of first degree murder (Pen. Code, § 187, subd. (a)),[1] second degree robbery (§ 211) and special allegations were found true regarding his use of a firearm as to both counts (§ 12022.5, subd. (a)). He was sentenced to life in prison without possibility of parole, plus four years. The trial court also ordered Laws to pay a restitution fine of $7,500, pursuant to former Government Code section 13967. We affirmed Laws' conviction. (*People v. Laws* (June 30, 1994, B075311) [nonpub. opn.].)

In 2009, Laws filed a request in pro. per. seeking relief from paying restitution. That request was denied. (See *People v. Laws* (April 14, 2014, B249705) [nonpub. opn.] 2014 WL 1455183.) In 2013, Laws appealed after unsuccessfully moving to strike the $7,500 restitution fine, or to reduce it to the minimum amount of $200 arguing, among other things, that a defendant's inability to pay may constitute compelling circumstances for waiver of a restitution fine. We appointed counsel who filed an appellate brief raising no issues and asked this court independently to review the record on appeal. (*People v. Wende*

---

[1]     Undesignated statutory references are to the Penal Code.

(1979) 25 Cal.3d 436, 441–442 (*Wende*).)  We dismissed that appeal on the ground that an order denying a motion to strike or modify the restitution fine was not appealable after a defendant has begun serving his sentence, based on the reasoning articulated in *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205, 1207 ["A defendant may not contest the amount, specificity, or propriety of an authorized order of a restitution fine for the first time on appeal [citations] let alone in a motion to modify the same in the trial court after it has lost jurisdiction"].)  (*People v. Laws, supra,* 2014 WL 1455183 at p. *2.)

In 2020, Laws again asked the trial court to stay the $7,500 restitution fine, and conduct a hearing on his ability to pay, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  In pertinent part, Laws argued the trial court never determined his ability to pay at the time of sentencing and, at his prison pay rate of 11 cents per hour, he cannot afford and will never pay off the restitution fine.  The trial court denied the motion on the ground that Laws' "request was previously considered and denied."

Laws appealed.  His appointed counsel filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, raising no issues and asking this court independently to review of the record.  On July 7, 2020, we advised Laws he had 30 days within which to submit his own brief or letter stating any contentions or issues he wished us to consider.  Laws filed three supplemental letters between July 16 and August 6, 2020.  Two of those letters repeat arguments Laws made below, namely that, at sentencing, the trial court never investigated his ability to pay before

3

imposing the restitution fine, and he will never be able to satisfy that fine given his minimal prison wage.[2]

## DISCUSSION

Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review of the record for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278.) However, we do review any contentions or arguments made where, as here, the defendant files his own supplemental brief or letter. (*Id.* at p. 1039.)

Relying on *Dueñas, supra,* 30 Cal.App.5th 1157, Laws contends the trial court was required to stay or reduce his restitution fine imposed without first determining his ability to pay restitution. Laws does not claim he objected to imposition of the fines before the trial court. Laws' judgment of conviction became final long before *Dueñas* was decided. Accordingly, the trial court lacked jurisdiction to grant Laws' motion.[3] (See *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725–

---

[2]  Laws' third letter argues he should not have been convicted of robbery, a contention we rejected in affirming his conviction. (*People v. Laws* (June 30, 1994, B075311) [nonpub. opn.].)

[3]  Laws forfeited any challenge to the fine. (See *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1155; *People v. Bipialaka* (2019) 34 Cal.App.5th 455, 464 [having failed to object to fees or fine in the trial court, defendant forfeited *Dueñas* issue].)

4

1726.)[4]  Generally, once a judgment is rendered and execution of the defendant's sentence has begun, the trial court lacks jurisdiction to vacate or modify the sentence.  (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*); *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)  "If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed. [Citations.]"  (*Torres,* at p. 1084.)  Laws was convicted in 1993.  The instant motion to stay or vacate the victim restitution fee was filed 27 years later, long after Laws began serving his sentence.  As in *Torres*, the trial court lacked jurisdiction to rule on Laws' motion and this appeal from denial of that motion must be dismissed.[5]

---

[4]     Some courts have been critical of *Dueñas*.  (See e.g., *People v. Kopp* (2019) 38 Cal.App.5th 47, 95–96 [partially following *Dueñas*], review granted Nov. 13, 2019, S257844; *People v. Hicks* (2019) 40 Cal.App.5th 320, 322, 329 [rejecting *Dueñas* as wrongly decided and citing cases reaching the same conclusion], review granted Nov. 26, 2019, S258946.)  The issue is currently before the Supreme Court, which granted review in *Hicks* and *Kopp*.)

     Regardless of whether *Dueñas* applies to judgments not yet final, it does not apply to judgments that were final before it was decided.  (See *In re Gomez* (2009) 45 Cal.4th 650, 654–655; *People v. Garcia* (1984) 36 Cal.3d 539, 549 ["new rule" that "define[s] procedural rights collateral to a fair determination of guilt or innocence . . . generally does not receive retroactive effect"]; *Whorton v. Bockting* (2007) 549 U.S. 406, 416 [new rule of criminal procedure "applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a '"watershed rul[e] of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding'"].)

[5]     Moreover, Laws has completed 27 years of a life term and has a prison job.  Therefore, we may infer he will be able to pay at least a substantial

5

We have reviewed the record and are satisfied that Laws' attorney fully complied with his responsibilities, that Laws received adequate and effective appellate review of the judgment in this action and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende, supra*, 25 Cal.3d at p. 443.)

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


COLLINS, J.

---

portion of his financial obligations from his prison wages, which are garnished for that purpose.  (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076–1077.)  Under such circumstances, even if it may be said that the trial court erred, the error would be harmless beyond a reasonable doubt.  (See *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1060–1061.)